G. GEOFFREY ROBB (131616)
MICHELLE L. TOMMEY (196166)
ANNA GOURGIOTOPOULOU (304998)
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, California 94105
Telephone:    (415) 348-6000
Facsimile:    (415) 348-6001
Email:        grobb@gibsonrobb.com
              mtommey@gibsonrobb.com
              awald@gibsonrobb.com

Attorneys for Defendants ROYAL & SUN ALLIANCE INSURANCE PLC; LLOYD'S SYNDICATE TRV 5000; LLOYD'S SYNDICATE AWH 2232 ; LLOYD'S SYNDICATE XLC 2003; LLOYD'S SYNDICATE ACA 2014; LLOYD'S SYNDICATE COF 1036 ; LLOYD'S SYNDICATE NOA 3902; LLOYD'S SYNDICATE LIB 4472; LLOYD'S SYNDICATE AML 2001; LLOYD'S SYNDICATE BRT 2987; LLOYD'S SYNDICATE AMA 1200; LLOYD'S SYNDICATE SII 1945; LLOYD'S SYNDICATE TSS 1884; LLOYD'S SYNDICATE AES 1225; LLOYD'S SYNDICATE NAV 1221

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 26 BRIX, LLC doing business as B CELLARS VINEYARDS AND WINERY,<br><br>    Plaintiff,<br><br>    v.<br><br>ROYAL & SUN ALLIANCE INSURANCE PLC; LLOYD'S SYNDICATE TRV 5000 ; LLOYD'S SYNDICATE AWH 2232 ; LLOYD'S SYNDICATEXLC 2003 ; LLOYD'S SYNDICATE ACA 2014 ; LLOYD'S SYNDICATE COF 1036 ; LLOYD'S SYNDICATE NOA 3902 ; LLOYD'S SYNDICATE LIB 4472; LLOYD'S SYNDICATE AML 2001; LLOYD'S SYNDICATE BRT 2987; LLOYD'S SYNDICATE AMA 1200; LLOYD'S SYNDICATE SII 1945; LLOYD'S SYNDICATE TSS 1884; LLOYD'S SYNDICATE AES 1225; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.  3:20-cv-1782<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER GRANTING LEAVE TO FILE *AMENDED* NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §1653 and related case law in this Circuit, including *Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d 316 (9th Cir. 1969), Plaintiff 26 BRIX, LLC doing business as B CELLARS VINEYARDS AND WINERY ("Plaintiff") and Defendants ROYAL & SUN ALLIANCE INSURANCE PLC; LLOYD'S SYNDICATE TRV 5000; LLOYD'S SYNDICATE AWH 2232 ; LLOYD'S SYNDICATE XLC 2003; LLOYD'S SYNDICATE ACA 2014; LLOYD'S SYNDICATE COF 1036 ; LLOYD'S SYNDICATE NOA 3902; LLOYD'S SYNDICATE LIB 4472; LLOYD'S SYNDICATE AML 2001; LLOYD'S SYNDICATE BRT 2987; LLOYD'S SYNDICATE AMA 1200; LLOYD'S SYNDICATE SII 1945; LLOYD'S SYNDICATE TSS 1884; LLOYD'S SYNDICATE AES 1225; LLOYD'S SYNDICATE NAV 1221 (hereinafter collectively referred to as "Defendants"), by and through their counsel of record, hereby jointly stipulate to and request that this Court grant Defendants leave to file the *Amended* Notice of Removal, attached hereto as **Exhibit 1**.

The parties stipulate and submit that good cause for this request is established, and this Court has discretion to grant leave to allow the filing of the proposed *Amended* Notice of Removal, on the following grounds:

1. Plaintiff filed its Complaint in Napa County Superior Court on January 31, 2020. Plaintiff served Defendants at the out-of-state office for Defendants' designated agent for service of process by certified mail on February 14, 2020, and Defendants' agent for service of process received the Summons and Complaint by certified mail on February 19, 2020.

2. Defendants filed their original Notice of Removal (Doc 1) on March 12, 2020, which was within the 30 day time limit for removal. Defendants filed and served on Plaintiff the Notice to Adverse Party of Removal to Federal Court on March 13, 2020.

3. Defendants' original Notice of Removal (Doc 1) alleges diversity jurisdiction as the basis for this Court's subject matter jurisdiction, and alleges at paragraphs 12 through 26 that each of the 15 named defendants (all of whom subscribe to the single insurance policy issued to Plaintiff) are citizens of the United Kingdom ("UK"). As to Defendant ROYAL & SUN ALLIANCE PLC, the Notice of Removal alleges that it is a corporation organized under UK law with its principal place of business in London, UK. As to the Defendants that are Lloyd's

syndicates, paragraphs 13 through 23 allege that 11 of these syndicates are comprised of one or two corporate members, each of which are organized under UK law with its principal place of business in London, UK.  As to the last three Lloyd's syndicates (ACA 2014, TSS 1884, and AMA 1200), the Notice of Removal alleges that these syndicates are "made up of various members, each of which is required to be a UK tax resident *company* pursuant to a Lloyd's of London rule that went into effect as of January 1, 2015[, and] [e]ach member of the syndicate is therefore a resident of and domiciled in the United Kingdom for tax purposes, and has its principal place of business in London, United Kingdom."  See Doc 1, at ¶¶ 24-26 (emphasis added).

4.       On March 30, 2020, Plaintiff's counsel sent a letter to Defendants' counsel asserting that the allegations of paragraphs 24 through 26 with respect to the citizenship of Lloyd's Syndicate ACA 2014, Lloyd's Syndicate TSS 1884, and Lloyd's Syndicate AMA 1200 are inadequate because diversity is determined based on citizenship, not tax residency.  Plaintiff's counsel proposed that Defendants file an *Amended* Notice of Removal to clarify the allegations of paragraphs 24 through 26 in the original Notice of Removal in order to show complete diversity.

5.       Defendants' proposed *Amended* Notice of Removal, attached hereto as **Exhibit 1**, sets forth more detailed allegations as to the effect of the Lloyd's of London rule that went into effect as of January 1, 2015 (referenced in the original Notice of Removal at paragraphs 24 through 26), and explains or clarifies why the Lloyd's of London rule establishes that, as of January 1, 2015, each member of every Lloyd's syndicate is required to be either an individual citizen of the United Kingdom, or a corporate entity organized under UK law with its principal place of business in the UK, or a UK partnership whose members are either individuals who are UK citizens or corporate entities organized under UK law with principal places of business in the UK.  *See* Exhibit 1, at paragraphs 12, 25, 26, and 27.

6.       Defendants' proposed *Amended* Notice of Removal does not allege any new bases for subject matter jurisdiction, but simply clarifies the allegedly defective diversity of citizenship allegations set forth in the original Notice of Removal.  Therefore, this Court has discretion to grant Defendants leave to file the *Amended* Notice of Removal, despite the fact that the 30 day time limit has now expired.  *See* 28 U.S.C. §1653; *see also Barrow Development Co. v. Fulton*

*Insur. Co.*, 418 F.2d 316, 318 (9th Cir. 1969) (holding that removal petitions cannot be amended after the 30 day time limit "to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made[,]" and finding that the defendants' failure to allege both the state of incorporation and the state of the defendant's principal place of business should be treated "as merely defective" such that the amendment is allowed); *Prado v. Dart Container Corp. of California*, 373 F.Supp.3d 1281, 1287-88 (N.D. Cal. 2019) (noting that "courts have permitted defendants to amend notices of removal premised on diversity jurisdiction to correct technical defects in the facts related to diversity[,]" but finding that Defendant Dart sought to amend its notice of removal to rely on an entirely different ground not stated in the original notice of removal).

Therefore, Plaintiff and Defendants jointly request that the Court grant Defendants leave to file the proposed *Amended* Notice of Removal attached hereto as Exhibit 1 within 10 court days of the date the Order is signed by the Court.

**IT IS SO STIPULATED.**

Dated: May 14, 2020                    GIBSON ROBB & LINDH LLP

/s/ G. GEOFFREY ROBB
G. GEOFFREY ROBB
grobb@gibsonrobb.com
Attorneys for Defendants ROYAL & SUN ALLIANCE INSURANCE PLC; LLOYD'S SYNDICATE TRV 5000; LLOYD'S SYNDICATE AWH 2232 ; LLOYD'S SYNDICATE XLC 2003; LLOYD'S SYNDICATE ACA 2014; LLOYD'S SYNDICATE COF 1036 ; LLOYD'S SYNDICATE NOA 3902; LLOYD'S SYNDICATE LIB 4472; LLOYD'S SYNDICATE AML 2001; LLOYD'S SYNDICATE BRT 2987; LLOYD'S SYNDICATE AMA 1200; LLOYD'S SYNDICATE SII 1945; LLOYD'S SYNDICATE TSS 1884; LLOYD'S SYNDICATE AES 1225; LLOYD'S SYNDICATE NAV 1221

/ / /

/ / /

| | | |
|---|---|---|
| 1 | Dated: May 14, 2020 | BLOCK & BLOCK LLP |
| 2 | | |
| 3 | | /s/ KEVIN P. BLOCK_____<br>KEVIN P. BLOCK |
| 4 | | kb@winelawyers.com<br>Attorneys for Plaintiff 26 BRIX, LLC doing |
| 5 | | Business as B CELLARS VINEYARDS AND<br>WINERY |

**SIGNATURE ATTESTATION**

Pursuant to the Northern District of California's Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other Signatories.

Dated: May 14, 2020                    GIBSON ROBB & LINDH LLP

/s/ G. GEOFFREY ROBB_____
G. GEOFFREY ROBB
grobb@gibsonrobb.com
Attorneys for Defendants ROYAL & SUN ALLIANCE INSURANCE PLC; LLOYD'S SYNDICATE TRV 5000; LLOYD'S SYNDICATE AWH 2232 ; LLOYD'S SYNDICATE XLC 2003; LLOYD'S SYNDICATE ACA 2014; LLOYD'S SYNDICATE COF 1036 ; LLOYD'S SYNDICATE NOA 3902; LLOYD'S SYNDICATE LIB 4472; LLOYD'S SYNDICATE AML 2001; LLOYD'S SYNDICATE BRT 2987; LLOYD'S SYNDICATE AMA 1200; LLOYD'S SYNDICATE SII 1945; LLOYD'S SYNDICATE TSS 1884; LLOYD'S SYNDICATE AES 1225; LLOYD'S SYNDICATE NAV 1221

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**[~~PROPOSED~~] ORDER**

The Court, having considered the Parties' Joint Stipulation, finds that good cause exists to grant Defendants leave to file the Proposed *Amended* Notice of Removal attached as Exhibit 1 to correct the defective diversity of citizenship allegations set forth in Defendants' original Notice of Removal filed within the 30 day time limit.  Accordingly, the Court GRANTS leave for Defendants to file their proposed *Amended* Notice of Removal within 10 court days of the date of this Order.

**IT IS SO ORDERED.**

Dated: __May 27__, 2020        _____
                                Honorable Vince Chhabria
                                United States District Court Judge